| | |
|---|---|
| **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**<br>875 Third Avenue<br>New York, New York 10022<br>A. Mitchell Greene<br>*Attorneys for the Debtor and Debtor in Possession* | **HEARING DATE**<br>**July 15, 2014 at 10:00 a.m.** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                                Chapter 11

**FIRST BRONX LLC**                                      Case No: 14-22047 (RDD)

                                    Debtor.
----------------------------------------------------------X

### DEBTOR'S MOTION FOR ENTRY OF ORDER EXTENDING EXCLUSIVE RIGHT TO FILE A PLAN OF REORGANIZATION AND TO SOLICIT ACCEPTANCES WITH RESPECT THERETO AND FOR RELATED RELIEF

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

**First Bronx LLC,** the debtor and debtor in possession (the "Debtor"), by its attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, seeks the entry of an order, a proposed form of which is annexed to this application as **Exhibit A**, pursuant to Section 1121 of Title 11 of the United States Code (the "Bankruptcy Code") extending the time within which the Debtor has the exclusive right to file a plan of reorganization and to solicit acceptances with respect thereto for 120 days through and including September 10, 2014 and November 10, 2014, respectively. In support thereof, the Debtor states:

## JURISDICTION AND VENUE

1. Jurisdiction over this application is vested in the United States District Court for this District pursuant to 28 U.S.C. § 1334.

2. This motion has been referred to this Court for consideration pursuant to Section 157 of the Judicial Code and the *Standing Order of Reference Regarding Title 11* (S.D.N.Y. Feb 1, 2012) (Preska, C.J.).

3. This is a core proceeding arising under title 11 of the United States Code. See 28 U.S.C. § 157(b)(1). The statutory predicate for the relief sought is Section 1121 of the Bankruptcy Code.

4. Venue of this civil proceeding in this district is proper pursuant to 28 U.S.C § 1409.

## BACKGROUND

5. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on January 13, 2014 (the "Petition Date") with the Clerk of this Court. The Debtor owns the real property and improvements located at 700 East 134th Street, Bronx, New York (the "Property"), which is improved by an apartment building with 21 residential units and a commercial billboard space. The purpose of the filing was to stay the foreclosure of the Property, allow the Debtor to operate it as a debtor in possession and to give it time to reorganize its obligations.

6. On March 12, 2014, this Court entered an Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar

Order"). The Bar Order requires, *inter alia*, all creditors of the Debtor to file proofs of claims with the Clerk of this Court no later than April 25, 2014 and July 14, 2014 for governmental units (together, the "Bar Date").

## RELIEF REQUESTED

7. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor has the exclusive right to file a plan of reorganization during the first 120 days following the Petition Date (the "Exclusivity Period"). In addition, pursuant to Section 1121(c)(3) of the Bankruptcy Code, the Debtor is given the exclusive right to solicit acceptances to any plan filed during the Exclusivity Period for one hundred eighty (180) days following the Petition Date (the "Acceptance Period," together with the Exclusivity Period, the "Exclusive Periods"). Pursuant to Section 1121(d) of the Bankruptcy Code, this Court may extend the Exclusive Periods.

8. The current Exclusivity Period and Acceptance Period expire on May 13, 2014 and July 12, 2014, respectively. The filing of a motion pursuant to Section 1121(d) prior to the expiration of the Exclusive Periods tolls the deadline pending resolution of such motion. See 11 U.S.C. § 1121(d)(1) ("[s]ubject to paragraph (2) on request of a party in interest made *within* the respective periods specified in subsections (b) and (c) of this section . . . the court may for cause reduce or increase the 120 day period or the 180 day period referred to in this section.") (emphasis added).

9. This is the Debtor's first request for an extension of the Exclusive Periods. The Debtor seeks the entry of an order: (i) extending the Exclusivity Period for 120 days to

and including September 10, 2014, and in the event the Debtor timely files a plan within said extension, (ii) extending the Acceptance Period for 120 days to and including November 10, 2014; to ensure that this Court, the Debtor and other parties in interest are not distracted by the filing of any competing or premature plans.

10. The Debtor submits it should be granted the requested extensions of the Exclusive Periods so that it will have sufficient time to, *inter alia,* formulate, file and confirm a plan of reorganization.

## CAUSE EXISTS FOR AN EXTENSION OF THE EXCLUSIVE PERIODS

11. The Debtor's Exclusive Periods may be extended by this Court for "cause" pursuant to Section 1121(d) of the Bankruptcy Code.

12. The moving party bears the burden of establishing that cause exists for an extension of exclusivity under Section 1121(d) of the Bankruptcy Code. In re Texaco, Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y., 1987). Whether cause exists to extend a debtor's exclusive period is a decision committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. See, e.g., In re Adelphia Commc'ns Corp., 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006), First American Bank of New York v. Southwest Gloves and Safety Equipment, Inc., 64 B.R. 963, 965 (D. Del. 1986); Texaco, 76 B.R. at 325; In re Reetz, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1987); In re Tony Downs Foods Co., 34 B.R. 405, 407 (Bankr. D. Minn. 1983). Bankruptcy courts exercise broad flexibility in making such determinations. See, H.R. Rep. No. 595, 95th Cong., 2d Sess. 232 (1978); See also In re Perkins, 71 B.R. 294 (W.D. Tenn. 1987) ("The hallmark of

{00675120.DOCX;1 }
4

[Section 1121(d)] is flexibility").

13. Bankruptcy courts generally focus on nine factors to determine whether a motion to extend exclusivity pursuant to 11 U.S.C. § 1121(d) should be granted:

(a) the size and complexity of the case;
(b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
(c) the existence of good faith progress toward reorganization;
(d) the fact that the debtor is paying its bills as they become due;
(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f) whether the debtor has made progress in negotiations with its creditors;
(g) the amount of time which has elapsed in the case;
(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i) whether an unresolved contingency exists.

In re Adelphia 352 B.R. at 857.

14. This Court should be cognizant that this is the Debtor's first request for an extension of its Exclusive Periods. The Debtor submits that factors "(h)" and "(i)" are inapplicable to the instant case. The Debtor submits that it satisfies factors "(a)" through "(g)" which militate towards granting the relief requested.

15. The Debtor has been in bankruptcy for only almost four (4) months. During this time period, the Debtor has been in continued negotiations with its alleged secured creditor regarding usage of cash collateral. Pre-petition, there has been one (1) secured creditor on the chain of title of the assignments of the mortgage and note after the original lender had gone out of business. That litigation had not been resolved on the Petition Date. Until the issue is resolved, it is difficult for the Debtor to propose a plan of reorganization at

{00675120.DOCX;1 }

5

this juncture. The Debtor is also currently evaluating the disposition of its assets and exploring the possibility of selling certain assets in order to pay down its secured debt. The Debtor has set the Bar Date so that it can review the universe of claims against the Debtor to help formulate a plan of reorganization. The Debtor is also in discussions with the Debtor's primary creditors regarding the value of their claims to further the Debtor's goal of a reorganization, either through the purchase of the secured creditor's note or through a sale of the Debtor's Property. Finally, the Debtor has been paying its post-petition obligations as they come due and accumulating excess cash in its debtor in possession account.

16. The Debtor's case, while not overly large and complex, does involve surmountable obstacles which will take time for the Debtor clear in order to successfully confirm a plan of reorganization that maximizes recovery to all creditors.

17. The Debtor submits that in light of the instant facts and circumstances and in order to provide the Debtor with sufficient time to negotiate with creditors and review all timely filed claims, that good cause exists to extend the Exclusive Periods. The Debtor believes that the requested extensions will promote the orderly reorganization of the Debtor without the need to devote unnecessary time, money and energy to defending against or responding to a competing plan.

18. The Debtor has served this application on the Office of the United States Trustee, the holders of twenty largest unsecured claims, counsel to Fannie Mae, and all parties who have filed notices of appearance in this case. The Debtor submits that such service be deemed appropriate and sufficient under the circumstances.

{00675120.DOCX;1 }

19. No prior application for the relief sought has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court grant the relief sought in this motion and enter an order pursuant to Sections 1121(b), (c)(3) and (d) of the Bankruptcy Code: (i) extending the Debtor's exclusive right to file a plan of reorganization to and including **September 10, 2014;** (ii) and in the event that the Debtor files a plan of reorganization prior to **September 10, 2014,** further extending the Debtor's right to solicit acceptances with respect thereto to and including **November 10, 2014**; and (iii) granting to the Debtor such other and further relief as may be just and appropriate.

**Dated:**   New York, New York
             May 12, 2014                         **ROBINSON BROG LEINWAND**
                                                  **GREENE GENOVESE & GLUCK P.C.**
                                                  Attorneys for the Debtor
                                                  875 Third Avenue, 9th Floor
                                                  New York, New York 10022
                                                  Tel. No.: 212-603-6300

                                                  By:   /s/ A. Mitchell Greene
                                                        A. **Mitchell Greene**